Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*to be admitted pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*to be admitted pro hac vice*)
chooker@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone: 404.815.6500
Facsimile: 404.815.6555

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, an Oregon corporation, and **ADIDAS AG**, a foreign entity,<br><br>    Plaintiffs,<br><br>  v.<br><br>**FASHION NOVA, INC.,** a California corporation,<br><br>    Defendant. | No. 3:22-cv-344<br><br>**COMPLAINT**<br>(Unfair Competition, Unfair and Deceptive Trade Practices, and Trade Dress Infringement)<br><br>**DEMAND FOR JURY TRIAL** |

1-   COMPLAINT

21184.0129\156072349.1

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Fashion Nova, Inc. ("Fashion Nova").

## I.    INTRODUCTION

1.    One of the most iconic shoes in history is the adidas Stan Smith sneaker, which features a classic tennis-shoe profile with a white leather upper, three rows of perforations (in the pattern of the famous Three-Stripe Mark[1]), a defined stitching across the sides of the shoe enclosing the perforations, a raised mustache-shaped colored heel patch (which often is green), and a flat tonal white rubber outsole, as depicted below (the "Stan Smith Trade Dress"):



2.    Recently—and in the middle of a related trademark lawsuit over Fashion Nova's infringement of the Three-Stripe Mark—Fashion Nova intentionally knocked off the Stan Smith Trade Dress, as shown below (the "Stan Smith Knock-Off"):



---

[1] *See adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 764 (9th Cir. 2018) ("The Three–Stripe mark owned by adidas is one of the most famous marks in the world.") (Clifton, J., concurring); *adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:15-CV-01741-HZ, 2017 WL 3319190, at *2 (D. Or. Aug. 3, 2017) ("[C]onsumers strongly associate the Three-Stripe Mark with adidas[.]"); *adidas-America, Inc. v. Payless Shoesource*, 546 F. Supp. 2d 1029, 1063 (D. Or. 2008) (holding that the Three-Stripe Mark "has been famous since as early as 1970").

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

3.      This is not the first time a Stan Smith knock-off has been before this Court. *See adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222 (D. Or. 2016). The Court previously enjoined Skechers USA, Inc. from selling a similar shoe, depicted below:



4.      In that case, this Court held that adidas was "likely to succeed in establishing its right to enforce . . . the unregistered Stan Smith trade dress [and] also likely to succeed in showing that the Skechers shoes infringe adidas's marks and trade dress." *adidas Am., Inc. v. Skechers USA, Inc.*, 149 F. Supp. 3d 1222, 1229 (D. Or. 2016). "Any reasonable observer [could] see the striking similarities between the Skechers Onix and the adidas Stan Smith." *Id.* at 1240.[2]

5.      The same is true here: any reasonable observer could see the striking similarities between the Stan Smith Trade Dress and Fashion Nova's knock-off. Indeed, in many ways the Fashion Nova knock-off is even closer to the Stan Smith Trade Dress than the version Skechers sold six years ago.

6.      This is, therefore, an action at law and in equity for unfair competition arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (2009) ("Lanham Act"); the unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to: (a) permanently enjoin Fashion Nova from marketing or selling footwear using or bearing confusingly similar imitations of the Stan Smith Trade Dress;

---

[2] The Ninth Circuit affirmed this Court's finding of likelihood of success on the merits, but reversed on the ground that adidas had failed to submit sufficient evidence of irreparable harm. *See adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747 (9th Cir 2018).

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

(b) award adidas monetary damages and to treble that award; (c) require Fashion Nova to disgorge all of its profits from its sales of the Stan Smith Knock-Off; and (d) award adidas punitive damages, attorneys' fees, and costs.

## II.    PARTIES

7.    Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.    Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217. adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Stan Smith Trade Dress. adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.    Defendant Fashion Nova, Inc. is a corporation organized and existing under the laws of California, having a principal place of business at 2801 East 46th Street, Vernon, California 90058.

## III.    JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

11.    This Court has personal jurisdiction over Fashion Nova because, upon information and belief: (a) Fashion Nova has knowingly and purposefully marketed, distributed,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

offered for sale, and sold the Stan Smith Knock-Off to persons within the State of Oregon;

(b) Fashion Nova regularly transacts and conducts business within the State of Oregon; and

(c) Fashion Nova has otherwise made or established contacts within the State of Oregon

sufficient to permit the exercise of personal jurisdiction.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and

(c)(2).

## IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     adidas's Famous Stan Smith Trade Dress

13.     adidas is currently, and for many years has been, one of the leading manufacturers of

athletic apparel, sportswear, footwear, and sporting equipment in the United States.

14.     In the early 1970s, adidas created a new tennis shoe and named it the "Stan Smith" in

honor of acclaimed American tennis champion Stan Smith, who at the time was the No. 1 tennis

player in the world. Since its inception, the iconic Stan Smith shoe featured the distinctive Stan

Smith Trade Dress, which leverages adidas's famous Three-Stripe Mark but presented that mark

in a unique and distinctive manner comprised of parallel rows of perforations.[3]

15.     Since introducing its Stan Smith Trade Dress fifty years ago, adidas has spent

millions of dollars promoting it, and the Stan Smith shoe is one of adidas's best-selling shoes of

all time, having sold more than 40 million pairs worldwide and millions of pairs in the United

States.

16.     The Stan Smith Trade Dress is immediately and widely associated with adidas,

and it remains immensely popular among American footwear consumers. In 2014, for example,

---

[3] The Three-Stripe Mark as applied to footwear is covered by numerous incontestable federal
trademark registrations, including Reg. Nos. 1815956, 1833868, 2278589, 3029129, 3029135 &
3029135.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

it was named "Shoe of the Year" by Footwear News. *See* Christian Allaire, "Shoe of the Year: Adidas Stan Smith," *Footwear News*, December 2, 2014. As recently as February 21, 2022, a commenter observed, "Of all the classic sneakers that have served the public over the past four to five decades, few silhouettes have proved to be as prominent as adidas' Stan Smith." Yoni Yardeni, "An Ultra-Rare Boba Fett Action Figure Inspired adidas' Latest Stan Smiths," *HiConsumption*, February 21, 2022. "From cult favorite to universal appeal, Stan Smith—the man and the shoe—now represents some of the richest and most inspiring moments in adidas' history. And there's no question the Stan Smith will continue to shape sneaker culture and the legacy of adidas tomorrow." Chris Danforth, "The adidas Stan Smith: More Than a Shoe," *GOAT*, 2022.

17.     adidas's Stan Smith shoes have been worn and popularized by a wide variety of athletes, musicians, artists, and other celebrities, including the Rolling Stones, David Bowie, Marc Jacobs, John Lennon, David Beckham, Pharrell Williams, and Kanye West. *See* Gary Aspden, "Why the adidas Stan Smith Is the Most Important Sneaker of All-Time," http://ca.complex.com/sneakers/2015/09/why-the-adidas-stan-smith-is-the-most-important-sneaker-of-all-time. Stan Smith footwear has been prominently featured on the popular American adult animation sitcom, *American Dad*, shown on TBS and Fox in late 2014.

18.     The fame and popularity of the Stan Smith Trade Dress is further evidenced by unsolicited media coverage, including the following:

a.     Ian Stonebrook, "How the adidas Stan Smith Became a Timeless Shoe That Makes for the Perfect Holiday Gift," *Footwear News*, November 22, 2021;

b.     The Wardrobe, "From Tennis Staple to Fashion Favourite: The History of the Stan Smith," *OPUMO*, Sept. 27, 2021: "Beloved by everyone from supermodels

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

to rap royalty to diehard sneakerheads and even your grandad, Adidas' Stan

Smith is a ubiquitous footwear classic that, over 50 years since its release,

endures as an icon.";

c.   Eric Brain, "Sole Mates: Stan Smith and the adidas Originals Stan Smith,"

*Hypebeast*, April 3, 2021;

d.   Cara Bruce, "The adidas Stan Smith sneaker: One of the Most Popular Shoes of

All Time is Back," *hs.*, August 10, 2020;

e.   Finlay Renwick, "Stan Smith: The Man Who Became A Shoe," *Esquire*,

December 7, 2019;

f.   "How Stan Smiths Became One of Fashion's Most Iconic Sneakers," *The Ones

Powered by Zappos*, 2017;

g.   Dennis Green, "The 18 most important sneakers of all time," *Business Insider*,

July 18, 2015, ranking the Stan Smith shoe as the No. 9 most important sneaker

of all time;

h.   Rachael Allen, "Celebrities Continue to Choose Adidas Stan Smith Sneakers

This Summer," *Footwear News*, July 7, 2015, noting "a slew of celebrities have

continued to adopt the [Stan Smith] style as their go-to street look.";

i.   Troy Patterson, "Stan Smith, Accidental Sneaker Icon," *The New York Times*,

May 5, 2015, noting the Stan Smith shoes "are a favorite among a wide array of

people in the art world and the image business, with fans ranging from Marc

Jacobs and Phoebe Philo to David Bowie and Pharrell Williams.";

j.   Rory Satran, *i-D*, "how did the adidas Stan Smith become the ultimate fashion

shoe?", May 26, 2015 ("Stan Smith is to sneakers as Levi's are to jeans and Kim

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Kardashian's Instagram is to selfies: the ultimate expression of the form.");

k.    "10 Fresh Pairs of White Sneakers to Wear (Aside from Your Stan Smiths),"
*InStyle*, February 4, 2015 ("It's safe to say we are all well acquainted with the
term 'athleisure,' and if there is one shoe that has defined that trend, it's the
Adidas Stan Smith.");

l.    Nathalie Atkinson, "So long, stilettos: Why 2014 was the year women's
footwear fell to Earth," *The Globe and Mail*, December 23, 2014 ("Footwear
News's Shoe of the Year award went to the Stan Smith, Adidas's antiseptic
white leather tennis shoe, the sneaker style recently championed by Phoebe
Philo and worn by an otherwise naked Gisele Bundchen in Paris Vogue.");

m.    Nick Engvall and Russ Bengston, "The 30 Most Influential Sneakers of All
Time," *Complex*, May 14, 2013, ranking the Stan Smith shoe as No. 19 in the
most influential sneakers of all time;

n.    *ShortList Magazine*, "The 10 Greatest Ever Trainers," February 28, 2013,
featuring the Stan Smith shoe among the ten greatest ever trainers;

o.    Adam Leaventon, "The 50 Greatest Tennis Sneakers of All Time," *Complex*,
October 18, 2012, ranking the Stan Smith shoe as the No. 4 greatest tennis
sneaker of all time; and

p.    Nick Santora, "The 50 Most Influential Sneaker Sponsorships in Sports History,"
*Complex*, October 16, 2012, ranking Stan Smith's contract with adidas as No. 13
on the 50 most influential sneaker sponsorships in sports history.

19.    As a result of adidas's extensive use and promotion of its Stan Smith Trade Dress,
adidas has built up and now owns valuable goodwill that is symbolized by the trade dress. The

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

purchasing public has come to associate the Stan Smith Trade Dress with adidas. adidas's Stan Smith Trade Dress is distinctive and achieved significant secondary meaning long before Fashion Nova began its infringing conduct. Indeed, the Stan Smith Trade Dress is famous and has been widely heralded as one of the most important and most well-known shoe designs in history.

20.    The combination of elements comprising the Stan Smith Trade Dress is nonfunctional, in that it is not essential to the use or purpose of the shoe, it does not reduce the cost or improve the performance of the shoe, and its use by adidas does not put competitors at any significant non-reputation-related disadvantage. Indeed, competitors, such as Fashion Nova, have available a multitude of alternative sneaker designs they could use; the only reason to mimic all elements of the iconic Stan Smith Trade Dress is to attempt to trade off its tremendous goodwill and siphon away sales from adidas.

**B.    Fashion Nova's Unlawful Activities**

21.    adidas filed a Complaint in this Court on May 10, 2019, alleging that Fashion Nova was actively and intentionally infringing the Three-Stripe Mark in connection with numerous items of apparel. *See adidas Am., Inc. v. Fashion Nova, Inc.*, No. 3:19-cv-740-AC (the "2019 Action"). That lawsuit is currently in the expert discovery phase.

22.    During the pendency of the 2019 Action, Fashion Nova committed another egregious infringement: it began offering the Stan Smith Knock-Off, which imitates every element of the Stan Smith Trade Dress and has an overall appearance that is confusingly similar to the Stan Smith Trade Dress. A visual and element-by-element comparison appears below:

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**adidas's Stan Smith Footwear**          **Fashion Nova's Stan Smith Knock-Off**

          

23.      Fashion Nova was aware that the sale of the Stan Smith Knock-Off would likely cause confusion among consumers and would dilute adidas's rights in the Stan Smith Trade Dress. Indeed, on information and belief, Fashion Nova knowingly, willfully, intentionally, and maliciously adopted and used substantially indistinguishable and confusingly similar imitations of the Stan Smith Trade Dress. Specifically, on information and belief, Fashion Nova intentionally designed and manufactured footwear bearing adidas's Stan Smith Trade Dress to mislead and deceive consumers into believing the footwear was manufactured, sold, authorized, or licensed by adidas.

24.      The Stan Smith Knock-Off distributed, offered for sale, and sold by Fashion Nova is not manufactured by adidas, nor is that shoe or Fashion Nova associated, affiliated, or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

25.      adidas used its Stan Smith Trade Dress extensively and continuously long before Fashion Nova began offering for sale or selling the Stan Smith Knock-Off.

26.      Fashion Nova's use of confusingly similar imitations of the Stan Smith Trade Dress is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the footwear sold by Fashion Nova is manufactured or

10-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

authorized by, or in some manner associated with, adidas, which it is not.

27.     The likelihood of confusion, mistake, and deception engendered by Fashion Nova's misappropriation of the Stan Smith Trade Dress is causing irreparable harm to the goodwill symbolized by the Stan Smith Trade Dress and the reputation for quality that it embodies.

28.     This attribution is particularly damaging with respect to those persons who perceive a defect or lack of quality in the Stan Smith Knock-Off. Among other things, Fashion Nova's marketing and sale of the Stan Smith Knock-Off is causing adidas to lose control over adidas's brand, as represented by the Stan Smith Trade Dress; diverting consumers from adidas; causing consumers to associate adidas's Stan Smith Trade Dress with a cheaper, lower quality, and/or budget-minded brand; causing consumers to affiliate adidas's Stan Smith Trade Dress and brand with imagery and/or communications that are different from those adidas wishes to have the consuming public associate with its Stan Smith Trade Dress; and diminishing the goodwill adidas has built up over numerous decades in the Stan Smith Trade Dress.

29.     On information and belief, Fashion Nova continues to use confusingly similar imitations of the Stan Smith Trade Dress in connection with the sale of products that directly compete with those offered by adidas. Fashion Nova began selling these imitations well after adidas had established protectable rights in the Stan Smith Trade Dress, and well after the Stan Smith Trade Dress had become famous.

30.     Fashion Nova has shown a callous disregard for adidas's rights. Fashion Nova thus has acted in bad faith, with malicious intent, and in knowing disregard of adidas's rights.

11-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

## FIRST CLAIM FOR RELIEF
### (Federal Unfair Competition)

31.     adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

32.     Fashion Nova's use of confusingly similar imitations of the Stan Smith Trade

Dress has caused and is likely to cause confusion, deception, and mistake by creating the false

and misleading impression that Fashion Nova's goods are manufactured or distributed by adidas,

or are affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or

approval of adidas.

33.     Fashion Nova has made false representations, false descriptions, and false

designations of its goods in violation of 15 U.S.C. § 1125(a). Fashion Nova's activities have

caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and

deception of members of the trade and public, and, additionally, injury to adidas's goodwill and

reputation as symbolized by the Stan Smith Trade Dress, for which adidas has no adequate

remedy at law.

34.     Fashion Nova's actions demonstrate an intentional, willful, and malicious intent

to trade on the goodwill associated with the Stan Smith Trade Dress to the great and irreparable

injury of adidas.

35.     Fashion Nova's conduct has caused, and is likely to continue causing, substantial

injury to the public and to adidas. adidas is entitled to injunctive relief and to recover Fashion

Nova's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys'

fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

12-  COMPLAINT

21184.0129\156072349.1

## SECOND CLAIM FOR RELIEF
**(Unfair and Deceptive Trade Practices)**

36.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

37.     Fashion Nova has been and is passing off its goods as those of adidas, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Fashion Nova's goods, causing a likelihood of confusion as to Fashion Nova's affiliation, connection, or association with adidas, and otherwise damaging the public.

38.     Fashion Nova's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2022); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (2020); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2022); Georgia, O.C.G.A. §§ 10-1-370 to 10-1-375 (2020); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (West 2020); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2021); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (2021); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (2021); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2021); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (2020); New York, N.Y. GEN. BUS. Law § 349 (West 2021); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (2020); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2021).

39.     Fashion Nova's unauthorized use of confusingly similar imitations of the Stan Smith Trade Dress has caused and is likely to cause substantial injury to the public and to adidas. adidas, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

13-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

## THIRD CLAIM FOR RELIEF
### (Common Law Trade Dress Infringement and Unfair Competition)

40.    adidas repeats and incorporates by reference the allegations in the preceding

paragraphs.

41.    Fashion Nova's acts constitute common law trade dress infringement and unfair

competition, and have created and will continue to create, unless restrained by this Court, a

likelihood of confusion to the irreparable injury of adidas. adidas has no adequate remedy at law

for this injury.

42.    On information and belief, Fashion Nova acted with full knowledge of adidas's

use of, and rights to, the Stan Smith Trade Dress and without regard to the likelihood of

confusion of the public created by Fashion Nova's activities.

43.    Fashion Nova's actions demonstrate an intentional, willful, and malicious intent

to trade on the goodwill associated with the Stan Smith Trade Dress to the great and irreparable

injury of adidas.

44.    As a result of Fashion Nova's actions, adidas has been damaged in an amount not

yet determined or ascertainable. At a minimum, however, adidas is entitled to injunctive relief, to

an accounting of Fashion Nova's profits, damages, and costs. Further, in light of the deliberate

and malicious use of the Stan Smith Trade Dress and confusingly similar imitations of the Stan

Smith Trade Dress, and the need to deter Fashion Nova from engaging in similar conduct in the

future, adidas additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1.    Fashion Nova and all of its agents, officers, employees, representatives,

successors, assigns, attorneys, and all other persons acting for, with, by, through or under

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

21184.0129\156072349.1

authority from Fashion Nova, or in concert or participation with Fashion Nova, and each of them, be permanently enjoined from:

a. advertising, promoting, offering for sale, or selling the Stan Smith Knock-Off or other similar goods;

b. using the Stan Smith Trade Dress or any other copy, reproduction, colorable imitation, or simulation of adidas's Stan Smith Trade Dress on or in connection with Fashion Nova's goods;

c. using any trademark, trade dress, name, logo, design, or source designation of any kind on or in connection with Fashion Nova's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, adidas's trademarks, trade dresses, names, or logos;

d. using any trademark, trade dress, name, logo, design, or source designation of any kind on or in connection with Fashion Nova's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or are sponsored or authorized by adidas, or are in any way connected or related to adidas;

e. using any trademark, trade dress, name, logo, design, or source designation of any kind on or in connection with Fashion Nova's goods that dilutes or is likely to dilute the distinctiveness of adidas's trademarks, trade dresses, names, or logos; and

f. passing off, palming off, or assisting in passing off or palming off Fashion Nova's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

15- COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

2.     Fashion Nova be ordered to cease offering for sale, marketing, promoting, and selling, to remove from its retail stores, and to recall all products sold under or bearing a confusingly similar imitation of the Stan Smith Trade Dress that are in Fashion Nova's possession, custody, or control, or have been shipped by Fashion Nova or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Fashion Nova;

3.     Fashion Nova be ordered to deliver up for impoundment and for destruction, all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials, stationary, or other materials in the possession, custody or under the control of Fashion Nova that are found to adopt, infringe, or dilute any of adidas's trademarks, trade dresses, or that otherwise unfairly compete with adidas and its products;

4.     Fashion Nova be compelled to account to adidas for any and all profits derived by Fashion Nova from the sale or distribution of infringing goods as described in this Complaint;

5.     adidas be awarded all damages caused by the acts forming the basis of this Complaint, including lost profits, a reasonable royalty, and/or corrective advertising;

6.     Based on Fashion Nova's knowing and intentional use of the Stan Smith Trade Dress and confusingly similar imitations of the Stan Smith Trade Dress, the damages awarded be trebled and the award of Fashion Nova's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.     Fashion Nova be required to pay to adidas the costs of this action and adidas's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and state law;

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

8.    Based on Fashion Nova's willful and deliberate infringement and dilution of adidas's marks and trade dress, and to deter such conduct in the future, adidas be awarded punitive damages;

9.    adidas be awarded prejudgment and post-judgment interest on all monetary awards; and

10.    adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED: March 3, 2022                **PERKINS COIE LLP**

By: */s/ Stephen M. Feldman*
_____
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

R. Charles Henn Jr. (*to be admitted pro hac vice*)
chenn@kilpatricktownsend.com
Charles H. Hooker III (*to be admitted pro hac vice*)
chooker@kilpatricktownsend.com
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Attorneys for Plaintiffs

17-  COMPLAINT

21184.0129\156072349.1